IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SIG SAUER, INC., CHECK-MATE INDUSTRIES, INC., CHECK-MATE INTERNATIONAL PRODUCTS, INC., NORDON, INC., and THOMAS PIERCE d/b/a PIERCE DESIGN, <br><br> Plaintiffs, <br><br> v. <br><br> FREED DESIGNS, INC., <br><br> Defendant. | Civil Action No.: 1:14-cv-461 <br><br> **COMPLAINT** <br><br> **AND DEMAND FOR JURY TRIAL** |

Plaintiffs Sig Sauer, Inc. ("Sig Sauer"), Check-Mate Industries, Inc. and Check-Mate International Products, Inc. (collectively, "Check-Mate"), Nordon, Inc. ("Nordon"), and Thomas Pierce d/b/a Pierce Design ("Pierce") hereby bring their Complaint for Declaratory Judgment against Defendant Freed Designs, Inc. ("Freed Designs") and allege as follows:

### NATURE OF ACTION

1. This is an action for a declaratory judgment of non-infringement of United States Patent No. 6,928,764 ("the '764 Patent") (Exhibit 1) under 28 U.S.C. § 2201 (Declaratory Judgment Act). Plaintiffs also seek a declaratory judgment that the '764 Patent is invalid.

## PARTIES

2. Sig Sauer is a Delaware corporation with its principal place of business located at 72 Pease Boulevard, Newington, New Hampshire 03801.

3. Check-Mate is a New York corporation with its principal place of business located at 370 Wyandanch Avenue, West Babylon, NY 11704.

4. Nordon is a New York corporation with its principal place of business located at 691 Exchange Street, Rochester, NY 14608.

5. Pierce is a sole proprietorship with its principal place of business located at 1945 East Ridge Road, Suite 22, Rochester, NY 14622.

6. On information and belief, Freed Designs is a California corporation with its principal place of business located at 418 Bryant Circle, Suite F, Ojai, CA 93023.

## JURISDICTION AND VENUE

7. This is an action arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

8. On information and belief, this court has personal jurisdiction over Freed Designs through Freed Designs' purposeful minimum contacts with New Hampshire, by Freed Designs' transacting of business in this State, and through Freed Designs' contact with Sig Sauer.

9. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)-(c).

10. An actual case or controversy has arisen between the parties. Freed Designs has alleged that Sig Sauer infringes the '764 Patent based on products that Sig Sauer obtains from Check-Mate, Nordon, and Pierce and has filed a lawsuit against Sig Sauer in the U.S. District

Court for the Central District of California.  As described below, the California federal court lacks subject matter jurisdiction to hear that case.

## FACTS

11. On December 31, 2013 Freed Designs filed a lawsuit against Sig Sauer in the U.S. District Court for the Central District of California, case number 2:13-cv-09570-ODW-AGR ("the California Action").

12. In the California Action, Freed Designs accuses Sig Sauer of infringing the '764 Patent by making, selling, and offering to sell firearm magazine grip extenders that Sig Sauer obtains from Nordon, Check-Mate, and Pierce for Sig Sauer handgun models P238, P938, and P290, and seeks damages and injunctive relief for the alleged infringement.

13. Plaintiffs deny that they infringe the '764 Patent and allege that the '764 Patent is invalid.

14. At the time Freed Designs filed its California Action it did not own the '764 Patent.  Exhibit 2 (certified assignment records of the '764 Patent, its abandoned parent application (serial no. 09/827,578), and corresponding provisional patent application (serial no. 60/194,981) from the U.S. Patent Office).

15. At the time Freed Designs filed its California Action it was not a licensee of the '764 Patent.  Exhibit 3 at 4-5 (Freed Designs' verified response to Sig Sauer interrogatory no. 6).

16. Freed Designs' lack of ownership of the '764 Patent at the time it filed the California Action is further evidenced by an assignment dated May 15, 2014 that purportedly assigns the '764 Patent from the inventor, Mr. Robert Freed, to Freed Designs.  Exhibit 4.

17. A plaintiff's standing is determined at the time it files its complaint.

18. As neither the owner nor licensee of the '764 Patent when it filed its complaint on December 31, 2013, Freed Designs lacks standing as the plaintiff in the California Action.

19. A subsequent assignment dated September 3, 2014, from the inventor, Mr. Robert Freed, to Freed Designs, purporting to be a *nunc pro tunc* assignment with effect from August 16, 2005, does not remedy Freed Designs' lack of standing in the California Action.  Exhibit 5.

20. The California federal court lacks subject matter jurisdiction to hear the California Action because Freed Designs lacks standing.

21. Sig Sauer is in the process of moving to dismiss the California Action in view of Freed Designs' lack of standing and the California federal court's lack of subject matter jurisdiction.

## **COUNT I**

22. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-21.

23. Freed Designs, through is untimely assignments, claims to be the owner of the '764 Patent.

24. Freed Designs has alleged in the California Action that Sig Sauer infringes the '764 Patent.

25. Plaintiffs do not infringe the '764 Patent because their firearm magazine grip extenders for the model P238, P938, and P290 handguns lack one or more of the elements described in the claims of the '764 Patent, including lacking one or more of the following: opposed ribs, bottom shoulder, and opposed tangs.

26. There exists an actual, substantial, and continuing justiciable controversy between Plaintiffs and Freed Designs regarding the infringement of the '764 Patent.

27. Plaintiffs are entitled to a declaration that they do not infringe the '764 Patent.

## COUNT II

28. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27.

29. On information and belief, one or more claims of the '764 Patent are invalid for failing to comply with 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 102, 103 in view of at least the following prior art: U.S. Patent Nos. 5,584,136; 5,651,204; and 5,341,586 as well as in view of the "A&G Glock Grip Extender" product.

30. Plaintiffs are entitled to a declaration that one or more claims of the '764 Patent are invalid.

## PRAYER FOR RELIEF

31. WHEREFORE, pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiffs pray for relief as follows:

32. Declare that Plaintiffs do not infringe, directly and indirectly, any claim in the '764 Patent;

33. Declare that the '764 Patent is invalid;

34. Award Plaintiffs their costs and Attorney's fees under 35 U.S.C. § 285, and any other applicable laws; and

35. Award such other relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

36. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues so triable.

                                                  Respectfully submitted,

Dated: October 17, 2014

/s/Brian M. Gaff
Brian M. Gaff (NH Bar No. 17106)
bgaff@mwe.com
Leigh J. Martinson
lmartinson@mwe.com
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
617-535-4000
617-535-3800 (fax)

Peter M. Siavelis
psiavelis@mwe.com
McDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606-5096
312-372-2000
312-984-7700 (fax)

*Attorneys for Sig Sauer, Inc., Check-Mate Industries, Inc., Check-Mate International Products, Inc., Nordon, Inc., and Thomas Pierce d/b/a Pierce Design*

DM_US 55762492-2.094240.0012