# Exhibit A

| | |
|---|---|
| 1 | Patrick F. Bright (SBN 68709) |
| 2 | WAGNER, ANDERSON & BRIGHT, PC |
|   | 3541 Ocean View Boulevard |
| 3 | Glendale, California 91208 |
|   | Tel.: (818) 249-9300 |
| 4 | Fax: (818) 249-9335 |
|   | E-mail: pbright@patentattorney.us |
| 5 | |
|   | *Attorneys for Plaintiff Freed Designs, Inc.* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FREED DESIGNS, INC., | Case No. 2:13-cv-09570-ODW-AGR |
| Plaintiff, | |
| vs. | **PLAINTIFF'S SECOND SUPPLEMENTAL DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS PER NORTHERN DISTRICT OF CALIFORNIA PATENT LOCAL RULES 3-1 AND 3-2** |
| SIG SAUER, INC., | |
| Defendant, | |

In accordance with the requirements of Rules 3-1 and 3-2 of the Northern District California Patent Local Rules, Freed Designs, Inc. (hereinafter "FD") provides the following information reasonably available to it at this time to Defendant.

FD is continuing its investigation as to relevant documents and witnesses and will, as necessary, disclose further documents and witnesses in a timely manner. FD reserves the right to supplement, revise, correct, clarify, or otherwise amend the

**FD's Rule 26(a)(1) Initial Disclosures**
**Case No. 2:13-cv-09570-ODW-AGR**

information disclosed, consistent with the Federal Rules of Civil Procedure and any applicable orders of the Court, including after FD receives and reviews any applicable discovery or other information from third parties or from Defendant.

By making these disclosures, FD does not waive any applicable privilege or work product protection and expressly reserves its right to object to the production of any of the information identified herein on those grounds. FD also reserves its right to object to the admissibility of any of the information disclosed below. Subject to these reservations, FD provides the following information.

**3-1. Disclosure of Asserted Claims and Infringement Contentions:**

    **a.** Claims 1 and 4 of U.S. Patent No. 6,928,764 ("the '764 patent") are being infringed under 35 U.S.C. §271(a).

    **b.** Sig Sauer's P238 and P938 grip extenders infringe claims 1 and 4 of the '764 patent.

    **c. CHARTS**

**CLAIM 1**

| | |
|---|---|
| A grip extender in combination with a handgun comprising: a handgun using a variety of different model magazines, a grip extender with symmetrical interior side walls, an exterior front wall configured to a user's grip, and a rear wall, for use with the handgun magazine to fill a gap between the magazine and the handgun, with said magazine having an open top for loading ammunition cartridges and a closed bottom for containing said ammunition | Exhibit 1 shows labeled FD product "XGRIP 238." The XGRIP 238 has all elements of claim 1: magazine, extender/collar, front wall, rear wall, tangs, ribs, floor plate and closed bottom.<br><br>Exhibit 2 shows labeled SS product "Extended Grip 938." The Extended Grip 938 has all elements of claim 1: magazine, extender/collar, front wall, rear wall, tangs, ribs, floor plate and closed |

| | |
|---|---|
| cartridges, said closed bottom ending in a floor plate, of determinable thickness, with a lower surface and an upper surface, with said floor plate also having a peripheral surface larger than a peripheral surface of a corresponding body of the magazine, said grip extender further comprising: | bottom.<br>Exhibit 3 shows labeled SS product "Extended Grip 238." The Extended Grip 238 has all elements of claim 1: magazine, extender/collar, front wall, rear wall, tangs, ribs, floor plate and closed bottom. |
| a) one-piece collar slideably mounted from the open top of said magazine and subsequently seated at the closed bottom of said magazine thereby substantially filling any gap resulting from a length of the magazine protruding from a handgun when said magazine is engaged into said handgun, said collar having a size and shape sufficient to elastically receive and grip the magazine and magazine floor plate thereby securely retaining the collar and having at least one pair of opposed tangs oriented inward from the interior side walls of the collar; and | Exhibit 1, 2, and 3 have arrows that show the one-piece collar called for in this element. |
| b) further comprising at least one pair of opposed ribs, said ribs oriented inward from the interior side walls of | Exhibit 1, 2, and 3 have arrows that show the opposed ribs, side walls, tangs and magazine floor plate, |

| | |
|---|---|
| the collar, with a bottom shoulder of said ribs distanced above the tangs, said distance approximately equal the determinable thickness of the magazine floor plate; and | called for in this element. |
| c) when sliding the grip extender into its final position on the magazine a step of the said tangs engages the lower surface of the floor plate and captures the corresponding upper surface of floor plate against said the bottom shoulder of the opposed ribs. | Exhibit 1, 2, and 3 have arrows that point to the extender, tangs, floor plate and opposed ribs, called for in this element. |

## CLAIM 4

| | |
|---|---|
| The grip extender [of] claim 1 further comprising a lower surface depending below the magazine floor plate thereby protecting said magazine from impacts with surfaces when the magazine is released from a handgun during reloading. | SS Extended Grip 238 and SS Extended Grip 938 have a lower surface depending below the magazine floor plate. See Exhibits 2 and 3. |

d. Not applicable.

e. For each element of each asserted claim, the element is literally present in the accused products.

f. Claims 1 and 4 of the '764 patent claim priority of provisional application no. 60/194,981, filed on April 5, 2000 and continuation-in-part of application no. 09/827,578, filed on April 5, 2001.

g. FDI "XGRIP 238" embodies all elements of claims 1 and 4 of the patent-in-suit.

h. Defendant had no good faith belief that the '764 patent was invalid or not infringed when Defendant began copying.

**3-2. Document Production Accompanying Disclosure:**

a. FD has not located or identified any documents responsive to this subsection. FD is continuing its investigation as to relevant documents and will, as necessary, disclose further documents in a timely manner.

b. Plaintiff has prototypes for Defendant to see. Please contact Plaintiff's Counsel to arrange a date and time to inspect these prototypes. FD has not located or identified any documents responsive to this subsection. FD is continuing its investigation as to relevant documents and will, as necessary, disclose further documents in a timely manner.

c. A copy of the file history for the patent in suit was attached as Exhibit A to the original disclosures.

d. A copy of the assignment for the patent in suit was attached as Exhibit B to the original disclosures.

e. See enclosed charts, showing Plaintiff's products

Dated: July 2, 2014 /s/ Patrick F. Bright
Patrick F. Bright
WAGNER, ANDERSON & BRIGHT, PC
Attorneys for Plaintiff Freed Designs, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2014, a copy of the foregoing **PLAINTIFF'S SUPPLEMENTAL DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS PER NORTHERN DISTRICT OF CALIFORNIA PATENT LOCAL RULES 3-1 AND 3-2** was served via e-mail on the following:

Eric W. Hagen (SBN 192340)
ehagen@mwe.com
McDERMOTT WILL & EMERY LLP
2049 Century Part East
Suite 3800
Los Angeles, CA 90067

Brian M. Gaff (SBN 202896)
bgaff@wme.com
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775

Dated: July 2, 2014  /s/ Patrick F. Bright
Patrick F. Bright

1

Freed Design's Rule 3-1 and 3-2 Disclosures

# EXHIBIT 1

EXHIBIT 1A



FDI "XGRIP 238"



OPEN TOP MAGAZINE

# EXHIBIT 2

Exhibit 2



SIG SAUER "EXTENDED GRIP 938"

# EXHIBIT 3



SIG SAUER "EXTENED GRIP 238"