# EXHIBIT 1
## to Declaration of Laura L. Carroll

|  |  |
|---|---|
| SIG SAUER, INC., CHECK-MATE INDUSTRIES, INC., CHECK-MATE INTERNATIONAL PRODUCTS, INC., NORDON, INC., and THOMAS PIERCE d/b/a PIERCE DESIGN, <br><br> Plaintiffs, <br><br> v. <br><br> FREED DESIGNS, INC., <br><br> Defendant. | Civil Action No. 1:14-cv-00461-SM |

**PLAINTIFFS' FINAL INVALIDITY CONTENTIONS**

Pursuant to SPR 7.1(b), Sig Sauer, Inc., Check-Mate Industries, Inc., Check-Mate International Products, Inc., Nordon, Inc., and Thomas Pierce d/b/a Pierce Design (collectively, "Plaintiffs") jointly submit their final invalidity contentions and supporting documents to Freed Designs, Inc. ("Freed" or "Defendant").

**I.     Reservations of Rights and Limitations**

A.     In this action, Defendant asserts claims 1 and 4 of U.S. Patent No. 6,928,724 ("the '724 Patent"). Set forth below is a list of the prior art references currently asserted by Plaintiffs as anticipating or rendering obvious Claims 1 and 4, both as those claims have been construed by the Court and as those claims have been asserted by Defendant. Additionally, Plaintiffs identify whether the reference anticipates or is relevant to the obviousness inquiry. Detailed "claim charts" for each reference are set forth in Appendices 1-5.

B.     These disclosures are based on the scope of Defendant's final infringement contentions and the Court's claim construction order, and employ in part Defendant's apparent

interpretations of the '764 Patent. As Defendant's proposed final infringement theory departs significantly from its preliminary infringement contentions, the scope of these disclosures does not intend to track each variation of Defendant's infringement contentions. As reflected in its final infringement contentions, Defendant has adopted claim constructions for certain claim terms that Plaintiffs dispute but, at least in regard to certain references, Plaintiffs apply them herein in order to identify the potentially relevant prior art known to Plaintiffs. By applying any of Defendant's proposed constructions herein, Plaintiffs do not concede in any way that those constructions are correct.

C. Each of the anticipatory references Plaintiffs have identified anticipates Claims 1 and 4 of the '764 Patent under 35 U.S.C. § 102, as that claim has been asserted by Defendant. However, it also would have been obvious to one of skill in the art to combine these references and their teachings to solve a design goal presented to the person of skill in the art. Therefore, Plaintiffs reserve the right to use any and all such combination(s) in this litigation.

D. Claims 1 and 4 of the '764 Patent are not entitled to a filing date earlier than March 8, 2003.

E. To the extent any art cited by Plaintiffs is deemed too late to qualify as prior art, it remains evidence of contemporaneous development and the level of skill and knowledge in the art and evidence of obviousness.

F. Plaintiffs reserve the right to move to supplement and amend these final invalidity contentions. Plaintiffs expressly reserve the right to amend these disclosures should Defendant provide any information that it failed to provide in its initial disclosures, infringement contentions, and/or discovery responses, or should Defendant amend those disclosures, contentions or responses in any way. Further, because discovery (including discovery from third

parties) is not complete, Plaintiffs reserve the right to move to revise, amend, and/or supplement the information provided herein, including identifying and relying on additional references, should Plaintiffs' further search and analysis yield additional information or references, consistent with the Federal Rules of Civil Procedure.  Moreover, Plaintiffs reserve the right to revise their ultimate contentions concerning the invalidity of the asserted Claims 1 and 4, which may change, for example, depending upon any additional construction by the Court of asserted Claims 1 and 4, any findings as to the priority or invention date of the asserted Claims 1 and 4, and/or positions that Defendant or its expert witness(es) may take concerning claim construction, infringement, and/or invalidity issues.

   G. Prior art not included in this disclosure, whether known or unknown to Plaintiffs, may become relevant.  In particular, Plaintiffs are currently unaware of the extent, if any, to which Defendant will contend that limitations of the asserted Claims 1 or 4 are not disclosed in the prior art identified by Defendants, or will contend that any of the identified references do not qualify as prior art under § 102.  To the extent that such an issue arises, Plaintiffs reserve the right to identify additional teachings in the same references or in other references that anticipate or would have made the addition of the allegedly missing limitation to the device or method obvious.  For example, but without limitation:

--  the identification of any patents as prior art shall be deemed to include identification of any foreign counterpart patents;

--  Plaintiffs may rely on other prior art not charted in these final invalidity contentions but otherwise previously disclosed by Plaintiffs in their preliminary invalidity contentions, such as:

- U.S. 3,384,988
- U.S. 3,758,978

- U.S. 4,833,812

- U.S. 5,293,708

- U.S. 5,566,488

- U.S. 5,651,204

- U.S. 5,666,752

- U.S. 5,906,065

- U.S. 6,481,136

- U.S. 6,811,845

- U.S. D344,780

- CA 2,046,718

- DE 391659

- DE 19505829

- FR 2559251

- FR 2589230

- FR 2658282

- WO 01/75387

- Pearce Grip, Grip enhancers with Mag-Track (February 1999)

- A&G Glock Grip Extender

- Brownells, Vols. 51 (pp. 41 & 42), 52 (pp. 36-39), 53 (pp. 100, 101, 115), 54 (pp. 94, 99, 100, 114, 156) & 55 (pp. 100, 101, 115)

- American Handgunner, July/August 2000 (24(147), 7), January/February 2001 (25(149), 31) and September/October 2002 (26(159), 21)

- Guns Magazine, December 2002 (48(12-576), 86) and February 2003 (50(02-578), 83)

- The World Guide to Gun Parts, by The Gun Parts Corp. (13th Ed. 1984), 13, 156 & 157
- Ayoob, M., *Meeting customers' needs who demand added firepower*, The Shooting Industry, 47(1), 22 (2002)
- Keen, J., *Assault guns in Clinton's sights*, USA Today (May 2, 1994)
- J.B. Wood, Beretta Automatic Pistols (Stackpole Books 1985) and Beretta Pistols-The Ultimate Guide (Stackpole Books 2005)

In providing these contentions, Plaintiffs have relied on Defendant's alleged compliance as of July 18, 2016 with the Court's Supplemental Rules for Patent Cases ("SPR") requiring final infringement contentions.

H. Plaintiffs' claim charts in the attached Appendices cite to particular teachings and disclosures of the prior art as applied to features of the asserted Claims 1 and 4. However, persons having ordinary skill in the art may view an item of prior art generally in the context of other publications, literature, products, and understanding. Accordingly, the cited portions are only examples, and Plaintiffs reserve the right to rely on uncited portions of the prior art references and on other publications and expert testimony as aids in understanding and interpreting the cited portions, as providing context thereto, and as additional evidence that a claim limitation is known or disclosed. Where Plaintiffs cite to a particular figure in a reference, the citation should be understood to encompass the caption and description of the figure and any text relating to the figure. Similarly, where Plaintiffs cite to particular text referring to a figure, the citation should be understood to include the figure and caption as well. Plaintiffs further reserve the right to rely on uncited portions of the prior art references, other publications, and testimony to establish bases for combinations of certain cited references that render the asserted

Claims 1 and 4 obvious. Further, for any combination, Plaintiffs reserve the right to rely additionally on information generally known to those skilled in the art and/or common sense.

I. The references discussed in the claim charts in the attached Appendices or elsewhere identified, may disclose the elements of the asserted Claims 1 and 4 explicitly and/or inherently, and/or they may be relied upon to show the state of the art in the relevant timeframe. The suggested obviousness combinations are provided in the alternative to Plaintiffs' anticipation contentions and charts, and are not to be construed to suggest that any reference included in the combinations is not itself anticipatory. To the extent a finder of fact finds that a limitation of a given claim was not disclosed by one of the references identified above, such claim is nevertheless unpatentable as obvious because the asserted claims contain nothing that goes beyond ordinary innovation. To the extent not anticipated, no asserted claim goes beyond combining known elements to achieve predictable results or does more than choose between clear alternatives known to those of skill in the art. Any suggested obviousness combinations, including those combinations identified within the claim charts, are not intended to be exhaustive. Rather, they are illustrative examples of the prior art combinations disclosed generally above. Many more obviousness combinations are possible. Moreover, to the extent the foregoing references are found not to anticipate the asserted Claims 1 and 4, the foregoing references render such claim obvious either alone or in combination with one or more of the other references identified above. As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted Claims 1 and 4 of the '764 Patent to combine the various references cited herein so as to practice the asserted Claims 1 and 4 of the '764 Patent. In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Plaintiffs reserve the

right to rely on any other combination of any prior art references disclosed herein.  Plaintiffs further reserve the right to rely upon combinations disclosed within the prosecution history of the references cited herein.  These obviousness combinations reflect Plaintiffs' present understanding of the potential scope of the claims that Defendant appears to be advocating and should not be seen as Plaintiffs' acquiescence to Defendant's interpretation of the patent claims.  To the extent that Defendant contends that any of the above-identified prior art fails to disclose one or more limitations of the asserted Claims 1 and 4 of the '764 Patent, Plaintiffs reserve the right to identify other prior art references that would render the claim obvious despite the allegedly missing limitation.  In addition, Plaintiffs incorporate by reference the prosecution history of the '764 Patent, as well as each and every prior art reference of record in the prosecution of the '764 Patent (including, but not limited to, U.S. 4,862,619 (Baldus), U.S. 5,438,783 (Sniezak), and U.S. 5,526,600 (Chestnut)), including all patents related to the '764 Patent, and further the prior art discussed in the specification of the '764 Patent.  Any exemplary charts are not intended to be exhaustive of either the potential combinations of prior art or the ways in which the prior art could have been combined by one of ordinary skill in the art to render the asserted claims obvious.

J. Plaintiffs further reserve the right to seek to supplement their contentions and/or document production should they later find additional, responsive documents, things or electronically stored information.

K. Plaintiffs further reserve the right to assert that the asserted Claims 1 and 4 are invalid in the event that Plaintiffs obtain evidence that the named inventors of the '764 Patent did not invent (either alone or in conjunction with others) the subject matter recited in the asserted Claims 1 and 4.  Should Plaintiffs obtain such evidence, they will provide the name of the

person(s) from whom and the circumstances under which the invention or any part of it was derived. Plaintiffs further intend to rely on inventor admissions concerning the scope of the asserted Claims 1 and 4 or of the prior art relevant to the asserted Claims 1 and 4 found in, *inter alia*: the patent prosecution history for the '764 Patent and related patents and/or patent applications; any sworn testimony of the named inventor of the '764 Patent; and the papers filed and any evidence submitted by Defendant in conjunction with this litigation, any other related actions concerning the '764 Patent, and/or any other litigation involving Freed or any predecessors in interest. To the extent any information is identified, Plaintiffs reserve the right to contend that the patent is invalid for failure to name the correct inventorship, and/or to contend that Defendant lacks standing to bring this litigation with respect to such patent.

L.  Plaintiffs further reserve the right to assert that the '764 Patent is unenforceable due to inequitable conduct at least on the ground that any of the references identified herein were known to Defendant, known to be "but-for" material, and deliberately withheld with an intent to deceive the USPTO.

M.  Additionally, because third party discovery is not yet complete, Plaintiffs reserve the right to present additional items of prior art under 35 U.S.C. §§ 102 and/or 103, to the extent that such discovery or investigation may yield information forming the basis for such contentions of invalidity. For example, in due course according to the Court's discovery plan, Plaintiffs may issue subpoenas to or otherwise obtain discovery from third parties believed to have knowledge, documentation, and/or corroborating evidence concerning some of the prior art listed below and/or additional prior art. These third parties may include, without limitation, the authors, inventors, or assignees of the references listed in these disclosures.

N. Nothing in these disclosures should be seen as an endorsement or acceptance of any of Defendant's infringement contentions or claim constructions (whether explicit or implicit), nor an assertion of any particular construction by Plaintiffs. Plaintiffs expressly reserve the right to propose alternative constructions to those advocated by Defendant, and to challenge and contest Defendant's claim construction positions and infringement contentions. Nothing stated herein shall be treated as an admission or suggestion that Plaintiffs agree with Defendant regarding either the scope of any asserted claim or the claim constructions Defendant advances in its Final Infringement Contentions or anywhere else. To the extent that Plaintiffs' Final Invalidity Contentions reflect constructions of claim limitations consistent with or suggested by Defendant's Final Infringement Contentions, no inference is intended nor should any be drawn that Plaintiffs agree with Defendant's claim constructions. Nor shall anything in these Final Invalidity Contentions be treated as an admission that Plaintiffs' accused technology meets any limitation of any asserted claim. Plaintiffs deny that they infringe any claim of the '764 Patent. To the extent that any prior art reference identified by Plaintiffs contains a claim element that is the same as or similar to an element in an accused product, based on a claim construction inferred from Defendant's Final Infringement Contentions, inclusion of that reference in Plaintiffs' Final Invalidity Contentions shall not be deemed a waiver by Plaintiffs of any claim construction or non-infringement position. Plaintiffs expressly reserve the right to contest any claim construction asserted by Defendant and expressly reserve all non-infringement arguments.

O. Depending on any additional construction by the Court of the asserted Claims 1 and 4 of the '764 Patent, and/or positions that Defendant or its expert witness(es) may take concerning claim interpretation, infringement, and/or invalidity issues, different ones of the

charted prior art references in the Appendices, or otherwise identified herein, may be of greater or lesser relevance and different combinations of these references may be implicated. Accordingly, Plaintiffs' Final Invalidity Contentions are based in whole or in part on Plaintiffs' present understanding of the asserted Claims 1 and 4 and Defendant's apparent construction of the asserted Claims 1 and 4 in Defendant's Final Infringement Contentions. Given this uncertainty, the charts may reflect alternative applications of the prior art against the asserted Claims 1 and 4. Nothing stated herein shall be construed as an admission or a waiver of any particular construction of any claim term. Plaintiffs also reserve all of their rights to challenge any of the claim terms herein under 35 U.S.C. § 112, including by arguing that they are indefinite, not supported by the written description, and/or not enabled. Accordingly, nothing stated herein shall be construed as a waiver of any argument available under 35 U.S.C. § 112. Plaintiffs also reserve the right to challenge the patentability of the asserted Claims 1 and 4 under 35 U.S.C. § 101.

P. In addition to the prior art identified below and the accompanying invalidity claim charts attached as the Appendices, Plaintiffs also incorporate by reference any additional invalidity contentions, identified prior art, or invalidity claim charts disclosed at any later date by any of Plaintiffs or by any party to any other litigation or USPTO proceeding involving the '764 Patent or any related patent.

Q. Defendants reserve the right to modify, amend, or supplement these Invalidity Contentions to show the invalidity of any additional claims that Defendant may later assert.

## II. Disclosure Pursuant to SPR 7.1(b)(1)

A. The following items of prior art, upon which Plaintiffs presently rely (along with any other grounds for invalidity), anticipate (either expressly or inherently as understood by a

person having ordinary skill in the art) asserted Claims 1 and 4 of the '764 Patent, and/or render such claim obvious. The accompanying charts (provided as Appendices 1-5 hereto), and the references they describe, provide evidence of the invalidity of Claims 1 and 4 of the '764 Patent. Each Plaintiff reserve its rights to supplement these disclosures (with court approval, if necessary), through discovery from Defendant or otherwise, to include additional evidence to support the invalidity of any and all claims of the '764 Patent.

| Prior Art Reference | Date of Issue or Publication | Basis of Invalidity | Appendix |
|---|---|---|---|
| Bross, US 4,495,720 | Jan. 29, 1985 | Anticipation | 1 |
| Wollmann, US 2002/0029506 | Mar. 14, 2002 | Anticipation | 2 |
| Aluotto, US 5,341,586, in light of Bross, US 4,495,720 | Aug. 30, 1994 | Obviousness | 3 |
| Boland, US 5,584,136 | Dec. 17, 1996 | Anticipation | 4 |
| Harrington, US 1,015,490 | Jan. 23, 1912 | Anticipation | 5 |

B. Any alignment of these contentions with particular sections of 35 U.S.C. § 102 is based upon currently available information and subject to revision as further information becomes available in discovery.

C. The prior art identified in Plaintiffs' Final Invalidity Contentions (including the "References Cited" on the face of the '764 Patent) and contemporaneously produced may provide background and context pertinent to the teachings and interpretation of the anticipatory prior art referenced by the claim charts. This prior art is exemplary only, and is not intended to limit the scope of what one of ordinary skill in the art would have understood at the times of the alleged inventions. Plaintiffs reserve the right to rely upon additional prior art, information, and/or knowledge to demonstrate what one of ordinary skill would have understood at the times prior to the date of alleged inventions of the asserted claim of the '764 Patent.

D. The prior art identified in Plaintiffs' Final Invalidity Contentions, as well as the "References Cited" on the face of the '764 Patent (which are incorporated herein by reference) and any related references, are collectively illustrative of, but do not limit the scope of, the general state of the art to which the '764 Patent pertains (*e.g.*, what one of ordinary skill in the art would have understood) at a time prior to the date of alleged inventions of the asserted Claims 1 and 4 of the '764 Patent.

E. Further reasons to combine the references identified in the attached Appendices include: (a) the nature of the problem being solved; (b) the express, implied, and inherent teachings of the prior art; (c) the knowledge of persons of ordinary skill in the art; (d) the fact that the prior art is generally directed towards devices forming a grip extension on a firearm; (e) that such combinations would have yielded predictable results; and (f) that such combinations would have represented known alternatives to a person of ordinary skill in the art.

F. Unless specifically noted, Plaintiffs believe that no showing of a specific motivation to combine prior art is required to combine the references disclosed above and in the attached charts. There was a reason to make each combination; each combination of art would have produced no unexpected results; and each combination at most would simply represent a known alternative to one of ordinary skill in the art. *See KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 414-18 (2007) (rejecting the Federal Circuit's "rigid" application of the teaching, suggestion, or motivation to combine test, instead espousing an "expansive and flexible" approach). Indeed, the U.S. Supreme Court held that a person of ordinary skill is "a person of creativity, not an automaton" and "in many cases a person of ordinary skill in the art will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at 420-21. In determining whether a claim is obvious, "[o]ften, it will be necessary for a court to look to

interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue." *Id.* at 418. In that regard, a patent claim may be obvious if the combination of elements was obvious to try or there existed at the time of the invention a known problem for which there was an obvious solution encompassed by the patent's claims. The obviousness determination includes consideration of inferences and creative steps that a person of ordinary skill in the art might use. In addition, when a reference is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. If a person of ordinary skill can implement a predictable variation, 35 U.S.C. § 103 likely bars its patentability. A person of ordinary skill in the art would have been motivated to combine the reference combinations listed above for numerous reasons at the relevant time. For example, the reason, motivation, or suggestion to modify or combine the references in the manner claimed can be found in the explicit and/or implicit teachings and the prior art as a whole, the general knowledge of those skilled in the art, including knowledge of trends in the field and knowledge that the art is of special interest or importance in the field, and from the fact that the references are in the same field of endeavor and/or seek to solve a common problem. Moreover, certain of the prior art references arise from common assignees or other companies operating within the relevant field. In addition, a person having ordinary skill in the art would be motivated to combine any of the references listed below because, as specifically disclosed in Plaintiffs' Final Invalidity Contentions, all of the claim elements were identified, predictable solutions and techniques frequently applied in the relevant field. Because there were a finite number of predictable

solutions, and market forces would have pressured them to do so, a person of ordinary skill in the art had good reason to pursue the known options. Plaintiffs reserve the right to further specify the motivations to combine the prior art in response to positions that Defendant may take later in this case, as discovery, including third party discovery, continues. Plaintiffs reserve the right to rely on any and all portions of the prior art, other documents, and expert testimony to establish that a person of ordinary skill in the art would have been motivated to modify or combine the prior art so as to render the claims invalid as obvious.

F. Pursuant to SPR 7.1(b)(2), Plaintiffs note that the Final Invalidity Contentions identify the following references of additional prior art: Bross (U.S. Patent No. 4,495,720) and Wollmann (US Pat. Pub. 2002/0029506). Good cause for their inclusion is found from the following specific grounds:

- Current counsel for Plaintiffs was not the counsel that prepared Plaintiffs' preliminary invalidity contentions. Plaintiffs' current counsel did not deem it advisable to revisit Plaintiffs' invalidity positions until after the Court issued its claim construction order. Based upon the Court's claim construction order, the significance of the Bross and Wollmann references became apparent as anticipatory references.

- Defendant will not be prejudiced by the inclusion of these prior art references, because Defendant and/or its attorney(s) and principal(s) have been on notice of them since, on information and belief, April 21, 2003, when Plaintiffs believe they were first disclosed to Defendant during the prosecution of Mr. Freed's U.S. Design Patent Nos. D487,790 and D487,791. In addition, discovery in this action is ongoing.

**III.    Other Grounds of Invalidity of Claims 1 and 4 of the '764 Patent**

A. As noted, discovery is ongoing. Presently, Plaintiffs assert that Claims 1 and 4 of the '764 Patent are invalid under 35 U.S.C. § 112, for violation of the enablement, written description, "regards as the invention," and definiteness requirements of that statute. These grounds are in addition to the prior art disclosures pursuant to 35 U.S.C. §§ 102 & 103, detailed *supra* in Section II. Plaintiffs reserve the right to supplement and amend these final invalidity contentions (with Court approval, if necessary).

B. Plaintiffs' invalidity investigation has been limited in part by Defendant's disclosures and contentions. *See, e.g.,* Plaintiffs' counsel's letter of July 13, 2016. Plaintiffs, therefore, cannot provide a complete list of their § 112 defenses because (for example and without limitation) with minor exceptions, Defendant has yet to produce any non-public materials, so conclusions regarding certain § 112 issues may require additional discovery. Accordingly, Plaintiffs reserve the right to supplement, amend, and/or modify their invalidity contentions based on § 112 as discovery and any additional claim construction progress.

C. The patent specification (as filed with the application(s) leading to the issuance of the '764 Patent) does not describe or enable the full scope of the alleged implementations.

D. Claims 1 and 4 of the '764 Patent are invalid under 35 U.S.C. § 112 for failing to meet the written description requirement, because they exceed in scope the subject matter that applicant chose to disclose to the public in the written description. In particular, to the extent that the claims are construed by Defendant in their infringement contention not to include required elements, such claims are invalid.

E. Claims 1 and 4 of the '764 Patent are invalid under 35 U.S.C. § 112 for failing to meet the enablement requirement, because the written description does not enable the full scope

of the claims. In particular, the written description does not enable one of ordinary skill in the art to make or carry out the claimed invention(s). The statute requires that the specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same. The specification of the '764 patent fails to do so.

      F.      Claims 1 and 4 of the '764 Patent are invalid under 35 U.S.C. § 112 for failing to set forth the subject matter which the patent applicant regards as the invention and/or for failing to particularly point out and distinctly claim the subject matter which the applicant regards as the invention.

      G.      To the extent that Claims 1 and 4 of the '764 Patent are not construed as proposed by Plaintiffs, that claim shall for additional reasons be invalid under Section 112, for claiming an alleged "invention" that is not described or enabled in the patent application(s) as filed, and is not what the applicant regarded as the "invention" as shown by the application(s) filed.

Dated: July 19, 2016

**SIG SAUER, INC., CHECK-MATE INDUSTRIES, INC., CHECK-MATE INTERNATIONAL PRODUCTS, INC., NORDON, INC., and THOMAS PIERCE d/b/a PIERCE DESIGN,**

By their attorneys,

/s/ Laura L. Carroll
Laura L. Carroll (NH Bar #17444)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299
Email: lcarroll@burnslev.com

Zachary R. Gates (NH Bar #17454)
GATES LAW OFFICE PLLC
122 Elmira Street, Suite A
Troy, PA 16947
Tel: (802) 522-0822
Email: zgates@gateslawofficepllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically served *PLAINTIFFS' FINAL INVALIDITY CONTENTIONS* on all attorneys of record.

Dated: July 19, 2016                */s/ Laura L. Carroll*
                                     Laura L. Carroll