UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sig Sauer, Inc.; Check-Mate
Industries, Inc.; Check-Mate
International Products, Inc.;
Nordon, Inc.; and Thomas
Pierce d/b/a Pierce Designs,
    Plaintiffs

   v.                                        Case No. 14-cv-461-SM
                                              Opinion No. 2017 DNH 045

Freed Designs, Inc.,
    Defendant


**O R D E R**

The patentee, Freed Designs, Inc., has filed a motion for partial summary judgment declaring that the accused products literally infringe the patent-in-suit (U.S. Patent No. 6,928,764 (the "'764 Patent"). Disputed terms have been construed (document no. 58), and the parties now differ with respect to the application of the claims to the accused devices.

Because infringement (or non-infringement) is an issue of fact, a trial court must approach a motion for summary judgment "with a degree of care proportional to the likelihood of its being inappropriate." SRI International v. Matsushita Electric Corp. of America, 775 F.2d 1107, 1116 (Fed. Cir. 1985). Summary judgment on the issue of literal infringement "is proper when no

1

reasonable jury could find that every limitation recited in a properly construed claim either is or is not found in the accused device."  <u>PC Connector Solutions LLC v. SmartDisk Corp.</u>, 406 F.3d 1359 (Fed. Cir. 2005).

Here, several common barriers to the entry of partial summary judgment in the patentee's favor present themselves. First and foremost, a reasonable jury could find non-infringement should it conclude that the accused device does not have, <u>inter</u> <u>alia</u>, "at least one pair" of "opposed ribs," or ribs "oriented inward from the interior side walls," or ribs with a "bottom shoulder," or "a bottom shoulder distanced above the tangs."  Neither party has yet provided (properly disclosed) expert opinion evidence regarding the comparative nature or characteristic features in the patented and accused device, in the context of the construed claims, and the record as it stands is inadequate to establish either that no genuine disputes of material fact exist, or that the patentee is entitled to partial summary judgment as a matter of law.

### Conclusion

As genuine issues of material fact exist and the patentee has not shown entitlement to partial summary judgment as a matter of law, and a reasonable jury on this record could find

2

that every limitation recited in the construed claims is not found in the accused device, the patentee's motion for partial summary judgment with respect to literal infringement (document no. 63) is hereby denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 9, 2017

cc:  Laura L. Carroll, Esq.
     Zachary R. Gates, Esq.
     Neal E. Friedman, Esq.
     Michael J. Bujold, Esq.