UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sig Sauer, Inc.; Check-Mate
Industries, Inc.; Check-Mate
International Products, Inc.;
Nordon, Inc.; and Thomas
Pierce d/b/a Pierce Designs,
    Plaintiffs

    v.                                Case No. 14-cv-461-SM
                                      Opinion No. 2017 DNH 189
Freed Designs, Inc.,
    Defendant


**O R D E R**


Patentee's motion for partial summary judgment dismissing the affirmative defense of anticipation with respect to Claims 1 and 4 of the patent in suit (document no. 83), is denied.


Invalidity due to anticipation is a question of fact. IPXL Holdings LLC v. Amazon.com, Inc., 430 F.3d 1377, 1380 (Fed. Cir. 2005). Although a question of fact, anticipation may still be resolved on summary judgment if the record reveals no genuine dispute of material fact, and if no reasonable jury could find that the patent is anticipated. Telemac Cellular Corp. v. Topp Telecom, Inc., 247 F.3d 1316, 1327 (Fed. Cir. 2001).

Here, the alleged infringer has proffered sufficient evidence in the nature of relevant prior art and expert opinion testimony, that, if believed by a jury, would permit a finding by clear and convincing evidence that the claims at issue are invalid.  At the very least, the alleged infringer has plainly identified material facts that are genuinely disputed, thereby rendering summary judgment with respect to the anticipation defense unavailable.  "A [prior] reference may anticipate inherently if a claim limitation that is not expressly disclosed is necessarily present, or inherent, in the single anticipating reference.  <u>In re Hugh Edward Montgomery, et al.</u>, 677 F.3d 1375, 1379 (Fed. Cir. 2012) (internal citations and quotation omitted).  Mr. Wood, plaintiff's expert, an apparent person of ordinary skill in the relevant art, has opined that a number of prior references anticipate the claims at issue, and it cannot be said on this record that there are no material facts genuinely disputed or that the patentee is entitled to relief as a matter of law with respect to the anticipation defense.

## Conclusion

The motion for partial summary judgment (document no. 83) is necessarily denied.

**SO ORDERED.**

                                                            _____
                                                            Steven J. McAuliffe
                                                            United States District Judge

September 14, 2017

cc:  Laura L. Carroll, Esq.
     Zachary R. Gates, Esq.
     Neal E. Friedman, Esq.
     Michael J. Bujold, Esq.